70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward L. FERBY, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.
 No. 94-5792.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1995.
 
 Before: MERRITT, Chief Circuit Judge; KENNEDY, Circuit Judge; and JOINER, Senior District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals a judgment for Defendant after a bench trial in a handicap discrimination case brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. On appeal, Plaintiff contends that a particular finding by the District Court was clearly erroneous--namely, the finding that the violent outburst by Plaintiff that resulted in Plaintiff's termination was not causally related to his alcoholism. We affirm the District Court on the different ground that an employee may be discharged for misconduct, even if related to the handicap.
 
 
 2
 Plaintiff, Edward L. Ferby, was employed by the Defendant Postal Service as a mail handler from 1979 to 1982. Due to alcohol abuse problems, Mr. Ferby was frequently absent from his job. In early 1980, the Postal Service referred Mr. Ferby to a program to help him deal with his alcohol problem. Despite the Postal Service's attempts to help Mr. Ferby, his poor attendance continued and the Postal Service proposed firing him. In May 1982, the Postal Service entered into a "last chance" agreement with Mr. Ferby that placed him on "probation" for one year. During this period, Mr. Ferby was required to maintain satisfactory punctuality, attendance and work habits. If he did not, he would be terminated.
 
 
 3
 On June 12, 1982, three weeks after Mr. Ferby signed the agreement, he went out drinking at the dog track before his shift with his supervisor at the Postal Service, Theodore Brown. Mr. Ferby had been granted two hours of leave for that evening and was to report for work at 12:30 a.m. instead of his usual time of 10:30 p.m. Sometime during the evening of June 12, Mr. Brown, the supervisor who was at the track with Mr. Ferby, called Ms. Porter, the supervisor on duty at the Postal Service that night, and told her that Mr. Ferby was too drunk to come to work and needed the night off. Ms. Porter told Mr. Brown that she needed Mr. Ferby to come to work that night because she was short-handed. Ms. Porter testified that Mr. Ferby already knew that she was short on staff for the night because she and Mr. Ferby had previously discussed his taking time off that night. Ms. Porter, therefore, told Mr. Brown to have Mr. Ferby report to work at 12:30 a.m. as previously agreed. Mr. Brown then dropped Mr. Ferby off at work at 12:30 a.m.
 
 
 4
 Ms. Porter says that the evening started uneventfully. Ms. Porter testified that the Postal Service has a policy that states that anyone reporting to work intoxicated must sign out and leave. Ms. Porter testified that Mr. Ferby did not appear intoxicated when he reported to work and she did not smell alcohol on him, although she testified at trial that Mr. Ferby did appear "dazed." Ms. Porter assigned Mr. Ferby his duties and he went to work. After several hours, Mr. Ferby came to Ms. Porter and told her he was tired of people "messing" with him. When Ms. Porter asked Mr. Ferby what he meant, he said "I'll show you" and tipped over her desk. Mr. Ferby then picked up Ms. Porter's stool and attempted to throw it but was restrained by coworkers. Mr. Ferby was immediately terminated for violating his agreement and for his violent conduct toward Ms. Porter. As to the events of that evening, Mr. Ferby testified that he had an "alcoholic blackout" and did not remember certain portions of that night, including his violent outburst.
 
 
 5
 In 1987, Mr. Ferby requested reinstatement at the Postal Service because he stated he had been alcohol-free since 1982. Reinstatement was denied based on Mr. Ferby's violent conduct in 1982. After administrative proceedings at the Equal Employment Opportunity Commission, Mr. Ferby filed this suit in district court. To establish a prima facie case of handicap discrimination under the Rehabilitation Act, a plaintiff must show (1) that he is a "handicapped person" under the act; (2) that the is "otherwise qualified" for the position; (3) that he was excluded from the position "solely by reason of his handicap" and (4) that the position was a program or activity of the government. 29 U.S.C. Sec. 794; Doherty v. Southern College of Optometry, 862 F.2d 570, 575 (6th Cir.1988), cert. denied, 493 U.S. 810 (1989); Pesterfield v. Tennessee Valley Auth., 941 F.2d 437, 441 (6th Cir.1991).
 
 
 6
 The only issue in this case is whether Plaintiff was denied reinstatement "solely by reason of his handicap" in violation of the Rehabilitation Act. An employer does not rely solely on the handicap when it demonstrates that a person is discharged for misconduct, even if the conduct is related to a handicap. Maddox v. University of Tennessee, 62 F.3d 843, 846-48 (6th Cir.1995), decided by this court on August 21, 1995. Maddox held that an employer must be permitted to take appropriate action with respect to an employee who has engaged in criminal or egregious conduct, regardless of whether the employee is disabled. The Rehabilitation Act does not permit an employee who has fallen below acceptable performance or behavior standards to use the disability as a shield from retribution.
 
 
 7
 The trial court, which decided the case without benefit of Maddox, found that Mr. Ferby failed to demonstrate that the violent outburst for which he was terminated and for which he failed to be reinstated, that is, throwing furniture at coworkers, was conduct caused by his alcoholism. After making factual findings, the trial court properly concluded that, as a matter of law, Mr. Ferby's conduct was not "causally related" to his handicap and that his dismissal and failure to be reinstated, therefore, were not based "solely" on his handicap.
 
 
 8
 We affirm on a different ground. A distinction can be made for terminating an employee for misconduct and terminating an employee due to a disability, regardless of whether the misconduct is caused by or related to the disability. Here, the discharge resulted from Mr. Ferby's egregious misconduct and we need not reach the issue of whether the misconduct was caused by Mr. Ferby's alcoholism. Accordingly, the judgment of the District Court is affirmed.